2 CITS SOS-ESERVE

Case 3:21-cv-03111-K   Document 1-5   Filed 12/14/21   Page 1 of 8   PageID 14

FILED
9/8/2021 10:51 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

CAUSE NO. DC-21-12589

| | | |
|---|---|---|
| **MATRIX WARRANTY SOLUTIONS, INC.** § § § | | IN THE DISTRICT COURT OF |
| *Plaintiff*, § § | | |
| v. § § | | DALLAS COUNTY, TEXAS |
| § § | | |
| **THE STAUNTON GROUP LLC, and RALPH CARRILLO,** § § § | | 160th |
| *Defendants*. § § | | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff **Matrix Warranty Solutions, Inc.** ("**Matrix**" or "**Plaintiff**"), files this Original Petition against Defendants The Staunton Group, LLC ("**Staunton Group**") and Ralph Carrillo ("**Carrillo**") (collectively, the "**Defendants**"), and respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Matrix intends to conduct discovery under Level 3 of the Texas Rule of Civil Procedure 190.4 and affirmatively pleads that Matrix seeks monetary relief over $1,000,000.

### II.
### PARTIES

2.      Plaintiff Matrix Warranty Solutions, Inc. is a Nevada corporation with its principal place of business in Dallas, Texas.

3.      Defendant The Staunton Group, LLC is a Nevada limited liability company that may be served at its principal place of business in Aurora, Illinois. As detailed below, Staunton Group has purposefully availed itself and engaged in business in Texas but has not appointed or maintained a registered agent in Texas. Therefore, Staunton Group may be served with process


by serving the Texas Secretary of State at 1019 Brazos Street, Room 105, Austin, Texas, 78701, as its agent for service, pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026. The Texas Secretary of State may serve Staunton Group at its principal place of business, 3015 East New York Street, Suite A2, #213, Aurora, Illinois 60504.

4. Defendant Ralph Carrillo is a non-resident individual residing in Illinois. Carrillo has purposefully availed himself and engaged in business in Texas but has not appointed or maintained a registered agent in Texas. Therefore, Carrillo may be served by serving the Texas Secretary of State at 1019 Brazos Street, Room 105, Austin, Texas, 78701, as his agent for service pursuant to Tex. Civ. Prac. & Rem. Code § 17.044. The Texas Secretary of State may serve Carrillo at 1035 W. Huron, Apt. 404, Chicago, Illinois 60642.

### III.
### RULE 47 DISCLOSURE

5. Matrix seeks monetary relief over $1,000,000 and under $18,400,000.

### IV.
### JURISDICTION & VENUE

6. This Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

7. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the laws of this state, have been doing business in this state, and had systematic contacts with this state specific to the dispute described. Thus, exercise of jurisdiction is appropriate.

8. Venue is proper in Dallas County, Texas, because it is the county in which Plaintiff resided at the time of the accrual of the cause of action.

## V.
## FACTS

**A.   Background of Matrix's Business.**

9.   Matrix creates comprehensive warranty solutions for various products and industries including cars, appliances, and electronics. One of their primary warranties are motor vehicle service agreements and vehicle protection agreements (the "**Service Agreements**"). Matrix's Service Agreements are in high demand.

10.   To assist handle customer demand, Matrix contracts with companies to market and sell the Service Agreements.

**B.   Matrix and Clear Path Relationship.**

11.   On or about September 23, 2019, Matrix and Clear Path entered into a Direct Marketing Producer Agreement (the "**Agreement**"). Pursuant to the Agreement, Clear Path would market, sell, issue and administer service agreements developed by Matrix. Clear Path was paid for these services.

12.   The Agreement's effective date commenced on September 23, 2019 and remained in effect until either party provided 30 days' advance written notice.

13.   Matrix and Clear Path enjoyed a beneficial relationship from the moment when the Agreement began in September 2019 until Defendants interfered.

**C.   The Staunton Group disparages Matrix and interferes with the Agreement.**

14.   In the Summer of 2021, Matrix discovered that Defendants were engaging in actions harmful to Matrix.

15.   Matrix learned that Defendants disparaged Matrix to Matrix's existing and prospective customers. For example, Defendants held themselves out as representatives of Sing for Service LLC d/b/a MEPCO, the nation's leader in financing service contracts of the type

provided by Matrix, and made these disparaging comments to Clear Path—with whom Matrix has enjoyed a profitable relationship for several years.

16.   As a result of Defendants' actions, Clear Path ceased doing business with Matrix, completely interfering with the Agreement and disrupting the business relationship.

17.   Defendants made these communications in order to stop Clear Path from selling Matrix's Service Agreement and to compel Clear Path to sell the Staunton Group's preferred products which were from Dealer Loyalty Protection, Inc.

18.   Defendants are liable to Matrix.

## VI.
## CAUSES OF ACTION

**A.   Violation of Texas Deceptive Trade Practices Act ("DTPA") against all Defendants.**

19.   Matrix incorporates all prior paragraphs by reference as if set forth fully herein.

20.   Clear Path was paid for the services it provided to Matrix. Matrix was a consumer as to the services Clear Path provided. The services Matrix was provided by Clear Path form the basis of this complaint. Defendants committed acts and practices which are prohibited by the DTPA. Defendants engaged in false, misleading, deceptive acts or practices in the conduct of their trade, including but not limited to: disparaging the services or business of another by false or misleading representation of facts. Defendants' false, misleading, deceptive acts were made in connection with the services provided by Clear Path to Matrix and in connection with that consumer relationship.

21.   As a direct result of Defendants' actions, Matrix incurred economic, actual, and special damages for which Defendants are liable. Matrix provided Defendants with notice and demand for economic damages.

22. Defendants' deceptive acts were committed knowingly, intentionally, maliciously, and were motivated by greed. As a result, Matrix requests treble and punitive damages. Matrix also seeks all necessary attorneys' fees and court costs expended in prosecuting this action.

**B.  Tortious Interference with Existing Contract against all Defendants.**

23. Matrix incorporates all prior paragraphs by reference as if set forth fully herein.

24. Matrix had a valid and existing contract with Clear Path where Clear Path was selling Service Agreements on Matrix's behalf.

25. Matrix and Clear Path had enjoyed a mutually beneficial relationship under the Agreement until Defendants interfered with Matrix's relationship with Clear Path. Defendants knew or had reason to know of Matrix's contract with Clear Path.

26. Nevertheless, Defendants willfully and intentionally interfered with the Agreement by making disparaging comments about Matrix to Clear Path in order to interfere with Matrix's existing relationship with Clear Path.

27. As a proximate and foreseeable result of Defendants' actions, Matrix has been damaged, for which sums it sues, in an amount within the jurisdiction of this Court. Matrix seeks to recover its actual, special, exemplary, and consequential damages, out-of-pocket damages, and attorneys' fees, along with court costs and pre- and post-judgment interest at highest lawful rate.

**C.  Business Disparagement against all Defendants.**

28. Matrix incorporates all prior paragraphs by reference as if set forth fully herein.

29. Defendants have published disparaging words to third parties about Matrix's economic interests that were false. Defendants published the words with malice.

30. Defendants made disparaging comments about Matrix's financial position and reliability in order to cast doubt in the minds of third parties about whether Matrix could perform

under the Agreement. The comments were made to disrupt Matrix's business and its business relationships.

31. As a proximate and foreseeable result of Defendants' actions, Matrix has been damaged, for which sums it sues, in an amount within the jurisdiction of this Court. Matrix seeks to recover its actual, special, exemplary, and consequential damages, out-of-pocket damages, and attorneys' fees, along with court costs and pre- and post-judgment interest at highest lawful rate.

**D.    Conspiracy.**

32. Matrix incorporates all prior paragraphs by reference as if set forth fully herein.

33. Defendants are jointly and severally liable to Matrix. Defendants combined to accomplish an unlawful purpose and/or a lawful purpose by unlawful means by plotting to damage Matrix's business and enrich their own. In doing so, Defendants had a meeting of the minds on the object or course of action. Defendants committed unlawful, overt acts to further the object or course of action.

34. Defendants' actions proximately caused Matrix injury in an amount to be determined by the jury. Defendants are also liable to Matrix for exemplary damages.

35. As a proximate and foreseeable result of Defendants' actions, Matrix has been damaged, for which sums it sues, in an amount within the jurisdiction of this Court. Matrix seeks to recover its actual, special, exemplary, and consequential damages, out-of-pocket damages, and attorneys' fees, along with court costs and pre- and post-judgment interest at highest lawful rate.

**VII.**
**JURY DEMAND AND CONDITIONS PRECEDENT**

36. Matrix incorporates the foregoing allegations as if fully set forth herein.

37. Matrix requests a jury trial for all issues triable by a jury and will pay the requisite filing fee.

38. All conditions precedent have been performed or have occurred or, alternatively, are excused by the law or the actions or inactions of Defendant.

## VIII.
## PRAYER AND RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Matrix respectfully requests that Defendants be cited to appear and answer, and on final trial, Matrix have judgment against Defendants for the relief requested herein, including actual damages, special damages, exemplary damages, attorneys' fees, costs of court, pre- and post-judgment interest, and all other relief to which Matrix is justly and equitably entitled.

Respectfully submitted,

*/s/ Jeff Whitfield*
Jeff Whitfield
State Bar No. 24060825
jeff.whitfield@kellyhart.com
Joseph Austin
State Bar No. 24101470
joseph.austin@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeff Whitfield
Bar No. 24060825
jeff.whitfield@kellyhart.com
Envelope ID: 57039338
Status as of 9/9/2021 4:40 PM CST

Associated Case Party: MATRIX WARRANTY SOLUTIONS INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeff Whitfield | | jeff.whitfield@kellyhart.com | 9/8/2021 10:51:13 AM | SENT |
| Joseph Austin | | joseph.austin@kellyhart.com | 9/8/2021 10:51:13 AM | SENT |